IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: :
 : CHAPTER 7
STUART A. HARRIS, :
 : CASE NO. 1-10-bk-05876 RNO
        Debtor :
 : ADVERSARY NO. 1-10-ap-00405 RNO
KATHY LOU BAKER, :
 :
        Plaintiff :
 :
v. :
 :
STUART A. HARRIS, :
 :
        Defendant :

# **OPINION**

The Plaintiff, Kathy Lou Baker ("Baker"), filed a three-count Complaint alleging the non-dischargeability of her claim against the Debtor/Defendant, Stuart A. Harris ("Harris"). Harris has filed a Motion for Judgment on the Pleadings. For the reasons stated below, I will grant the Motion for Judgment on the Pleadings concerning Counts I and III of the Complaint and deny the Motion for Judgment on the Pleadings regarding Count II of the Complaint. The Plaintiff will be allowed 21 days to file an amended complaint.

**I.    Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(2). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

**II.    Procedural History**

Harris filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 20, 2010. Baker is listed on Schedule F - Creditors Holding Unsecured Non-Priority Claims. The scheduled claim includes:

| Claim | Amount of Claim |
|---|---|
| 2007 Civil Action No. CV-586-2007 | Unknown |

On November 5, 2010, Baker commenced the within Adversary Proceeding by filing a three-count Complaint to Determine Dischargeability of Debt ("Complaint").

On December 7, 2010, Harris filed an Answer to the Complaint. Thereafter, on May 20, 2011, he filed a Motion for Judgment on the Pleadings. On May 20, 2011, Harris also filed a Motion for Summary Judgment.

On May 24, 2011, I ordered that consideration of the Motion for Summary Judgment be held in abeyance pending disposition of the Motion for Judgment on the Pleadings. Thereafter, the parties filed their respective Briefs in support of and in opposition to the Motion for Judgment on the Pleadings and that matter is now ripe for consideration.

### III. Discussion

#### A. Unliquidated Nature of Claim

The Complaint seeks to have Baker's claim against Harris determined to be non-dischargeable pursuant to the provisions of the 11 U.S.C. § 523.[1]

The Complaint alleges that the parties lived together from 1979 until September, 2000, and that in 1986, they began an auto parts store "as a family business". Compl. ¶¶ 12, 13. The Complaint also alleges that Harris wrongfully excluded Baker from the business and that he allegedly moved the business, leaving the former premises in a state of disrepair. Compl. ¶¶ 19,

---

[1] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

2

20.

The Complaint further alleges that the Court of Common Pleas of Snyder County found that a partnership existed between the parties for the operation of the auto parts business. Compl. ¶ 34. Further, the Complaint alleges that Harris owes Baker for her share of the auto parts business profits together with proceeds realized by Harris from the sale of certain business assets. Compl. ¶ 38. In her request for relief, Baker requests that Harris' obligation to her, in an unliquidated amount, be declared non-dischargeable.

Harris filed the Debtor's Brief in Support of Motion for Judgment on the Pleadings and, in part, alleges Baker has failed to allege any acts by Harris which resulted in actual pecuniary loss to Baker. Debtor's Br. in Supp. of Mot. For J. on the Pleadings 4. Also, Harris' Brief cites *Matter of Frenville Co., Inc.*, 744 F.2d 332 (3d Cir. 1984) for the proposition that a claim arises for bankruptcy purposes at the time the underlying state law cause of action accrues.

The Third Circuit overruled *Frenville* in its 2010 decision *In re Grossman's, Inc.*, 607 F.3d 114 (3d Cir. 2010). The Court of Appeals noted the broad definition of a "claim" in § 101(5) of the Bankruptcy Code. The *Grossman's* decision includes:

> We are persuaded that the widespread criticism of *Frenville*'s accrual test is justified, as it imposes too narrow an interpretation of a "claim" under the Bankruptcy Code. Accordingly, the *Frenville* accrual test should be and now is overruled.

*Grossman's*, 607 F.3d at 127. I will simply note that the definition of "claim" in § 101(5) includes a "right to payment, whether . . . unliquidated, . . . contingent, . . . unmatured, disputed . . .". Also, it is not uncommon for a bankruptcy court to determine the dischargeability or non-dischargeability of an unliquidated claim. If an unliquidated claim is determined to be non-dischargeable it is typically deferred to a state court forum for determination of the liquidated

3

amount of the non-dischargeable claim. Baker's Brief in Opposition to Defendant's Motion for Judgment on the Pleadings refers to a complaint for accounting filed by Baker in the Court of Common Pleas of Snyder County. Br. in Opp'n to Def.'s Mot. for J. on the Pleadings 5. This would appear to be a pending state court proceeding which could determine any liquidated amount, should any of Baker's claims be held to be non-dischargeable.

B.     **Standard for Judgment on the Pleadings**

Judgment on the pleadings will not be granted unless the movant clearly establishes that there are no material issues of fact, and that he is entitled to judgment as a matter of law. The facts alleged in the pleadings and the inferences drawn therefrom are viewed in a light most favorable to the non-moving party. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005); also see *CoreStates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 193 (3d Cir. 1999); *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988).

A learned commentator has noted that a motion for judgment on the pleadings should be assessed under the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. 2 Moore's Federal Practice, 12.38 (p. 12-136), 3rd Ed. 2010. Harris' Brief in Support of Motion for Judgment on the Pleadings acknowledges that the consideration standards are the same for each motion. Br. in Supp. of Mot. for J. on the Pleadings 3. The United States Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929

4

(2007) (internal citations omitted). In *Twombly*, the Supreme Court went on to hold that a complaint must state plausible entitlement to relief.

Some two years later, the Supreme Court clarified *Twombly* in the case of *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In *Ashcroft*, the court explained:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief".

*Ashcroft*, 129 S.Ct. at 1949-50 (internal citations omitted).

I will next examine each of the Counts of the Complaint to determine whether the motion for judgment on the pleadings/motion to dismiss standard has been met.

### C.   § 523(a)(6) - Willful and Malicious Injury

Count I of the Complaint alleges that Baker's unliquidated claim against Harris should be determined non-dischargeable pursuant to the provisions of § 523(a)(6). That subsection provides that a debt is non-dischargeable where it is "for willful and malicious injury by the debtor to another entity or to the property of another entity". 11 U.S.C. § 523(a)(6).

The Third Circuit has held that actions are "willful and malicious" within the meaning of § 523(a)(6) if they either have a purpose of producing injury or have a substantial certainty of producing injury. *In re Conte*, 33 F.3d 303, 307 (3d Cir. 1994).

5

Paragraph 40 of the instant Complaint alleges:

> 40. Upon information and belief, Defendant acted with the intent of causing, or the substantial certainty of causing, willful and malicious financial harm to Plaintiff.

Compl. ¶ 40. Non-dischargeability under § 523(a)(6) requires findings of both willful and malicious injury. A malicious injury involves the following: (1) a wrongful act; (2) done intentionally; (3) which necessarily causes injury; and, (4) is done without just cause or excuse. *In re Vepuri*, 2009 WL 2921305, 8 (Bankr. E.D.Pa. 2009). Further, the malice requirement in § 523(a)(6) refers to injuries that are wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will. *In re Jacobs*, 381 B.R. 128, 136 (Bankr. E.D.Pa. 2008).

I apply the *Twombly* standards to Count I of the Complaint. I find Count I to be insufficient to state a plausible claim for non-dischargeability under § 523(a)(6). There is insufficient factual content in Count I to support a finding of the deliberateness which is required for a finding of non-dischargeability under this subsection of the Bankruptcy Code. For example, there is a dearth of factual context to flesh out the conclusions concerning Harris' alleged intent in Paragraph 40 of the Complaint. The Complaint's allegations concerning Harris' allegedly wrongful exclusion and sale of some of the assets of the auto parts business are simply too cursory and too conclusory to meet the plausibility standard with respect to Count I of the Complaint.

I will, therefore, grant Harris' Motion for Judgment on the Pleadings with respect to Count I of the Complaint. Baker is allowed 21 days to file an amended complaint conforming to the requirements of this Opinion.

6

### D. Section 523(a)(4) - Larceny

Count II of the Complaint seeks a determination that Baker's unliquidated claim against Harris is non-dischargeable pursuant to § 523(a)(4) of the Bankruptcy Code. That subsection provides that a debt is non-dischargeable where it is "(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; . . .". 11 U.S.C. § 523(a)(4). Debts for embezzlement or larceny can be excepted from discharge in the absence of the showing of fiduciary capacity. *In re Giarratano*, 299 B.R. 328, 337 (Bankr. D.Del. 2003) aff'd by *In re Giarratano*, 358 B.R. 106 (Bankr. D.Del. 2004). Embezzlement is typically defined as the "fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come". *In re Schermer*, 388 B.R. 123, 128 (Bankr. E.D.Pa. 2008). In viewing the facts alleged in a light most favorable to Baker, I find that the Complaint has alleged that Harris was in lawful possession of certain business assets in which Baker claims an interest. It is further alleged that Harris misappropriated those assets.

The Complaint alleges that Harris' actions ". . . constitute larceny". Compl. ¶ 54. As noted above, legal conclusions are not entitled to the assumed truthfulness to which well pled facts are entitled. I would also note that in no point in this Opinion am I making law of the case or findings as to the ultimate dischargeability or non-dischargeability of Baker's claims. I merely assess, as to each Count, whether or not an entitlement to relief has been pled.

Larceny differs from embezzlement in that larceny occurs when the original taking of the property was unlawful. *In re Hartman*, 254 B.R. 669, 674 (Bankr. E.D.Pa. 2000).

I find that upon viewing the factual allegations in Count II in the light most favorable to Baker, a plausible cause of action has been stated under § 523(a)(4). I will, therefore, deny

7

Harris' Motion for Judgment on the Pleadings concerning Count II of the Complaint.

   E.   § 523(a)(2) - Fraud

Count III of the Complaint requests that Baker's claims versus Harris be determined non-dischargeable pursuant to § 523(a)(2).  Section 523(a)(2)(A) provides that a debt is non-dischargeable where it is:

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by–
>    (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; . . .

11 U.S.C. § 523(a)(2)(A).  Generally, proving a § 523(a)(2)(A) exception to discharge requires a showing that: (1) the debtor made representations knowing they were false; (2) the debtor made the representations with the intent and purpose of deceiving the plaintiff; (3) the creditor justifiably relied on the debtor's false representations; and, (4) the creditor suffered a loss or damage as a proximate consequence of the representations having been made.  *In re Antonious*, 358 B.R. 172, 182 (Bankr. E.D.Pa. 2006); *In re Burns*, 2008 WL 2782661 (Bankr. M.D.Pa. 2008).

It is noted that, with respect to the second element, intent to deceive, intent to deceive can be inferred from the totality of the circumstances, including the debtor's reckless disregard for the truth.  *In re Cohn*, 54 F.3d 1108, 1118-19 (3d. Cir. 1995); *In re Miller*, 39 F.3d 301, 305 (11th Cir. 1994).  Also, concerning the third element, justifiable reliance, the creditor's reliance need not be reasonable; it need only be justifiable.  Justifiability depends on the qualities and the characteristics of the particular individual who relies on a particular representation.  *In re Scott*, 294 B.R. 620, 628-29 (Bankr. W.D.Pa. 2003); also see *Field v. Mans*, 516 U.S. 59, 116 S.Ct.

8

Case 1:10-ap-00405-RNO    Doc 25    Filed 07/14/11    Entered 07/14/11 11:15:51    Desc
                          Main Document         Page 8 of 10

437, 446, 133 L.Ed.2d 351 (1995).

The first element of a § 523(a)(2)(A) cause of action is the making of a false representation. What false representations is Harris' alleged to have made to Baker? I have searched the Complaint in vain for an answer to this pivotal question. In essence, Count III of the Complaint complains regarding Harris' conduct, not his representations. It is alleged that Harris wrongfully excluded Baker from the auto parts business, that he wrongfully transferred certain business assets, and acted with an intent to defraud.

I find that the Complaint fails to state a plausible claim for non-dischargeability under § 523(a)(2)(A). I will, therefore, grant Harris' Motion for Judgment on the Pleadings concerning Count III of the Complaint. Baker is allowed 21 days to file an amended complaint conforming to the requirements of this Opinion.

### F. Defenses at Summary Judgment or Trial Stage

I again stress that I am making no law of the case or final findings concerning the ultimate dischargeability or non-dischargeability of Baker's claim.

I do note that a significant portion of Harris' Brief in Support of Motion for Judgment on the Pleadings concerns purported defenses such as res judicata, estoppel, and the statute of limitations or laches. Generally, a bankruptcy dischargeability action must be filed within the 60-day deadline set forth in Federal Rule of Bankruptcy Procedure 4007(c). Further, whether or not a plaintiff asserted a timely fraud claim in the underlying state court litigation bears no significance in the Bankruptcy Court's determination of the nature of the debt and whether such debt is dischargeable. *In re Glunk*, 343 B.R. 754, 760-61 (Bankr. E.D.Pa. 2006). I say this only to respectfully remind the parties that the focus in a non-dischargeability action should generally

Case 1:10-ap-00405-RNO Doc 25 Filed 07/14/11 Entered 07/14/11 11:15:51 Desc
Main Document Page 9 of 10

be on the applicable Federal bankruptcy provisions and not upon the unresolved aspects of the underlying state law claim or claims.

IV. **Conclusion**

In sum, Harris' claim for Motion for Judgment on the Pleadings is granted as to Count I of the Complaint, denied as to Count II of the Complaint, and granted as to Count III of the Complaint. Baker is allowed 21 days to file an amended complaint conforming to the requirements of this Opinion. An Order will be entered consistent with the foregoing Opinion. I will also order that Harris' Motion for Summary Judgment be held in abeyance pending further order of the Court. I will further order that the scheduled trial be continued from August 25, 2011, to December 1, 2011.

By the Court,

Date: July 14, 2011

Robert N. Opel, II, Bankruptcy Judge
(BI)